IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ACD DISTRIBUTION, LLC,

                Plaintiff,

v.

THE ROWEN GROUP, INC.,
d/b/a Playroom Entertainment,

                Defendant.

ORDER

15-cv-162-jdp

---

      Plaintiff, ACD Distribution, LLC, is a game distributor. Defendant, The Rowen Group, Inc., d/b/a Playroom Entertainment, is a game maker and publisher. Plaintiff is, at the moment, the exclusive distributor defendant's games. The parties have a complicated relationship, which has led to a dispute, which in turn prompted plaintiff to file an action in Dane County Circuit court seeking an injunction that would prevent defendant from terminating the exclusive distribution agreement.

      Defendant petitioned to remove the case to federal court on the basis of diversity jurisdiction. Plaintiff moved to remand on the grounds that the amount in controversy was not satisfied. For reasons stated more fully at the oral argument on April 22, 2015, plaintiff's motion to remand, Dkt. 11, is GRANTED.

      Defendant, as the party invoking federal jurisdiction, has the burden of proving that the amount-in-controversy requirement is met by a preponderance of the evidence. And "all doubts should be resolved against removal both to protect against exposing the successful party in this action to challenges of the final judgment on jurisdictional grounds and to prevent an infringement upon state sovereignty." *Weather Shield Mfg., Inc. v. Chamberlain*, No. 07-cv-0153, 2007 WL 5555950, at *2 (W.D. Wis. June 12, 2007) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

As the parties agreed at the hearing, the object of the state-court litigation is the remaining 17 months of the distribution agreement. Defendant insistently argued in briefing and at the hearing that it was *plaintiff's* burden to prove that the cost of complying with the injunction sought in the state-court action was, to a legal certainty, less than $75,000. Dkt. 24, at 1-2. But this is incorrect. When the jurisdictional facts are disputed, and they certainly were in this case, the proponent of federal jurisdiction must prove the jurisdictional facts by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Only once those facts have been established, does the "legal certainty" principle come into play. If, for example, the complaint contained a good-faith allegation of damages greater than $75,000, then a party challenging federal jurisdiction would have to show to a legal certainty that the plaintiff could not recover more than $75,000.[1] But in this case, we never got beyond the first step at which defendant had the burden to prove that the remaining 17 months of the distribution agreement were worth more than $75,000.

Defendant's petition to remand did not present the value of this distribution agreement, but instead focused on payments that would be owed to defendant under the agreement. But, as plaintiff correctly argued, this is the value of defendant's potential counterclaim, which does not count toward the jurisdictional amount. Defendant's brief in opposition to the motion to remand also did not set out coherent theory of the value of the distribution agreement, which is not measured simply by gross receipts, but by profit to plaintiff or losses to defendant. During a recess in the hearing, the court was able to tease out some pertinent information from the second Rowen affidavit, Dkt. 26, but that information made the jurisdictional amount highly

---

[1] There is an irony in a case like this one, where a plaintiff seeks remand on the ground that the jurisdictional amount is not satisfied: the plaintiff argues that its claim is worth less than the defendant says it is.

doubtful. Based on Rowen's numbers,[2] it appears that in historical 17-month periods, the plaintiff netted between $52,205 and $83,315 from defendant's products. But Rowen cited no evidence that the next 17 months would continue at historical levels, whereas plaintiff cited evidence that sales were declining. Dkt. 12, at 6 n.2. Moreover, Rowen did not consider any other expenses that might have been attributed to sales of defendant's products. In sum, defendant's muddled presentation did not establish by a preponderance of the evidence that the remaining 17 months of the distribution agreement was worth more than the jurisdictional amount of $75,000.

This case is remanded to the Circuit Court for Dane County. The clerk is directed to return the record to the state court, and to mail a certified copy of this order to the clerk of the state court.

As to fees and expenses, 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534 (7th Cir. 2008) (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005)). Plaintiff's complaint did not quantify the value of the exclusive distribution agreement, but it did tout its value and importance to plaintiff. Accordingly, the court will conclude that defendant's petition for

---

[2] These amounts are only "based on" Rowen's numbers, because neither Rowen nor plaintiff actually did the calculations necessary to arrive at a profit number. The court made these calculations in trying to make sense of Rowen's data.

removal was not objectively unreasonable, and it will decline to award fees and expenses incurred by plaintiff as a result of the removal.

Entered April 23, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge